### W. M. PEAK *v.* R. B. WILLIAMS.

**Highways—Report of Viewers—What Should Show.**

Viewers, in making their report, should show the convenience and inconvenience which will result to individuals as well as to the public in the opening, discontinuance or altering of a public road.

**Highways—Report of Viewers—What Should Show.**

Where viewers, in their report, show that the closing of the road would be of some disadvantage to a named person, they should show in their report whether or not the discontinuance of the road would cut him off from a public highway, or increase the distance he would have to travel to reach a highway, or state the facts upon which they based their opinion that he would be subjected to inconvenience by the closing of the road.

APPEAL FROM TRIMBLE CIRCUIT COURT.

January 31, 1873.

OPINION BY JUDGE LINDSAY:

The county court should have sustained the exceptions filed to the report of the viewers. It was their duty to report the conveniences and inconveniences, which would result as well to individuals as to the public, from the opening, alteration or discontinuance of the public road. Inasmuch as they seemed to think that closing the old road might be some little disadvantage to Williams, and

were unable to state definitely the extent of the inconvenience to which he would thereby be subjected, they should have reported whether or not the discontinuance of such road would cut him off from a public highway, or increase the distance he would be compelled to travel in leaving and returning to his home, or at least give the facts upon which they based the opinion that he might be subjected to inconvenience. As the report stands it was impossible for the county court to reach any conclusion as to this matter without resort to evidence outside the record.

The circuit court properly sustained the exceptions and set aside the judgment of the county court authorizing the proposed change.

The order of the county court was final. The right of appellant to have the change was established, and the exercise of the right was merely postponed till he should comply with the conditions annexed. Williams could offer no further resistance in the county court, hence he had the right to appeal. He had a direct interest in the question and could prosecute the appeal, although the change in the road was wholly on the lands of Peak.

As the order of the circuit court quashing the report of the viewers renders it necessary that the proceeding shall be commenced *de novo,* the viewers, being now *functus officio,* it was not necessary that the case should have been remanded to the county court.

Judgment *affirmed.*

*Winslow, for appellant.*

*DeHaven, for appellee.*